# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

July 7, 2026

Andrew D. Cordo, Esquire
Daniyal M. Iqbal, Esquire
Mallory V. Phillips, Esquire
Wilson Sonsini Goodrich and Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801

Delia A. Clark, Esquire
Marks, O'Neill, O'Brien,
Dougherty & Kelly, P.C.
300 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

RE:  *Bakkt Opco Holdings, v. Project Labrador*
     C.A. No. N25C-12-316 MAA CCLD

Counsel:

The Court has reviewed Project Labrador Holdco, LLC's ("Defendant")
Motion for Reargument and Bakkt Opco Holdings, LLC's ("Plaintiff") opposition
thereto.  For the reasons stated herein, the Motion for Reargument is DENIED.[1]

A motion for reargument "provide[s] the trial court with an opportunity to
reconsider a matter and to correct any alleged legal or factual errors prior to an
appeal."[2]  A motion for reargument "will be granted 'only if the Court has
overlooked precedent or legal principles, or the Court has misapprehended the law

---

[1] The Court assumes familiarity with the facts.
[2] *Bowen v. E.I. duPont de Nemours & Co., Inc.*, 879 A.2d 920, 921 (Del. 2005) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

or the facts such as would have changed the outcome of the underlying decision.'"[3]

Such motions "should not be used merely to rehash arguments already decided by the court[.]"[4]

Defendant's Motion for Reargument is premised on what Defendant sees as a "manifest[] disregard" of the facts by the Court.[5] Defendant argues the Court's ruling, which found Defendant failed to address corporate separateness arguments raised by Plaintiff, ignored two instances in briefing where Defendant did address the issue.[6] Defendant contends the corporate separateness issue was "definitely" addressed,[7] and it would thus be "grossly unfair" for Defendant to have to appeal a ruling based on the issue not being addressed.[8]

Defendant's arguments are inaccurate and unconvincing. Defendant first contends it did address the corporate separateness issue. On June 12, 2026, the Court issued the following excerpt as part of the Court's overall ruling:

> But this pleading and logic contains a fatal deficiency. Defendant attempts to excuse its own non-performance of obligations owed to Plaintiff with a breach of a representation *Plaintiff* never made. Section 4.6 representations were made by the Acquired Companies, not

---

[3] *Snipe v. Boulden Servs., LLC*, 2024 WL 550095, at *1 (Del. Super. Feb. 8, 2024) (quoting *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016)).
[4] *Blevins v. Metzgar*, 2017 WL 2709748, at *1 (Del. Super. June 22, 2017) (citing *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001)).
[5] D.I. 41 ["Mot. for Reargument"] at 2.
[6] *Id.* at 2-3.
[7] *Id.* at 5.
[8] Id.

Plaintiff, who made its own representations in EPA Article 5.[9] In other words, the EPA distinguishes representations made by Plaintiff and those made by the Acquired Companies.

Defendant fails to provide any facts or arguments to suggest the Court can or should disregard corporate separateness in this case. For example, Defendant does not plead the Acquired Companies made representations at the direction of Plaintiff or that Plaintiff adopted the representations in any way.[10] Defendant does not even address the issue of separateness in its Answering Brief, which was filed after Plaintiff raised the issue its the Opening Brief.[11] Defendant has thus waived any arguments to the contrary.

As shown in the excerpt above, the corporate separateness issue was specifically related to a breach of Section 4.6.

The Court reiterates Defendant's briefings do not address this acute issue, even under the most generous of readings. At no point does Defendant explain how Plaintiff could be liable for a breach of a representation it never made, and to the extent Defendant believes it provided such an explanation, it was not made to the Court in any discernable fashion. The Court notes lack of clarity was a common theme throughout Defendant's pleadings and briefing.[12]

---

[9] EPA Articles IV-V.

[10] *See* Countercl. (providing no such arguments).

[11] MJP OB at 21; Ans. Br.

[12] There are multiple examples where Defendant's briefings and pleadings lack clarity. One example is a statement of facts in the Answering Brief which mixes facts and arguments together. D.I. 28. A second example is inconsistent highlighting in screenshots, making it difficult to ascertain whether Defendant intends for the Court to look at the entire screenshot or only a specific part. *Id.* A third example is each page of Defendant's Answering Brief being numbered "30," rendering the table of contents largely unhelpful. *Id.* A final example is Defendant's

Defendant points to two citations of Section 7.7 to justify its position that corporate separateness was addressed.[13] In doing so, Defendant misunderstands the Court's ruling and completely misses the point. Under Section 7.7, Plaintiff is obligated to cause the Acquired Companies to operate in the ordinary course of business from July 23, 2025 until closing. The representations made by the Acquired Entities in Section 4.6, however, concern operation of the Acquired Companies prior to July 23, 2025.

Section 7.7 thus does not address corporate separateness for Section 4.6, the provision under which Defendant brought a claim. Missing from Defendant's Motion is the fact that Section 7.7 was not plead in the Counterclaims and was raised for the first time during briefing and oral argument.[14] It is well-established under Delaware law that a party may not amend its pleadings through briefing, nor can it do so in oral argument.[15] The Court therefore maintains Defendant did not address the corporate separateness issue for Section 4.6.

The Court would also have reached the same ruling for another separate and independent reason. Section 3.3 of the EPA Amendment confirms Section 4.6

---

Counterclaims, which specify "Bakkt and the Acquired Companies are used interchangeably," making it difficult to determine who Defendant is referring to at times. D.I. 14.

[13] D.I. 28 at 23-24; D.I. 37 at 7-8.

[14] D.I. 14; D.I. 28 at 23-24; D.I. 37 at 7-8.

[15] *See Bako Pathology LP v. Bakotic*, 288 A.3d 252, 268-69 (Del. 2022) (refusing to consider unpled arguments raised for the first time in briefing and oral argument).

representations are to be understood as made on July 23, 2025.[16]  Because Counsel

for Defendant expressly admitted the Outpayce Account was not created until

September 2025, it is impossible for a use of the Outpayce Account to constitute a

breach of Section 4.6.

Defendant has thus not met its burden to show reargument is justified in this

case.  Defendant's Motion for Reargument is therefore DENIED.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Meghan A. Adams*

_____

Meghan A. Adams, Judge

cc:  All Counsel via File and Serve

MAA/ls

---

[16] D.I. 13 Ex. B [Amendment"] Section 3.3.